UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES SCHWAB & CO., INC.,

    Petitioner,

v.

D VOLLSTEDT & S VOLLSTEDT TTEE,
STEVE OR DEBORAH VOLLSTEDT TRU U/A
DTD 02/12/2004, DEBORAH VOLLSTEDT and
STEVE A VOLLSTEDT

    Respondents.

No. 11-CV-00709

**PETITIONER CHARLES SHCWAB & CO., INC.'S
PETITION TO VACATE ARBIRATION AWARD**

**PRELIMINARY STATEMENT**

1. Petitioner Charles Schwab & Co., Inc. ("Petitioner" or "Schwab") petitions the Court to vacate a July 15, 2011 Financial Industry Regulatory Authority ("FINRA") arbitration award in favor of Respondents Steve and Deborah Vollstedt and their trust, pursuant to 9 U.S.C. Section 10, on the grounds that (1) the Chair of the arbitration panel, Katherine M. Harmeyer, evidenced bias and lacked impartiality, and/or in the alternative (2) the arbitrators exceeded their powers in rendering a facially excessive award of pre-judgment interest in violation of the New Mexico statute which governs such interest. 9 U.S.C. §§ 10 (a) (2 & 4) (2011).

**JURISDICTIONAL STATEMENT**

2. Petitioner is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of San Francisco, California.

3. Respondents Deborah and Steven Vollstedt, individually and as trustees of the Steve or Deborah Vollstedt Tru U/A DTD 02/12/2004 ("Respondents" or "the Vollstedts"),

-1-

are citizens and residents of the State of New Mexico.

4. The jurisdiction of this court is invoked under Title 9, United States Code, and particularly Section 10 thereof, and under Title 28, United States Code, Section 1332. There is complete diversity of the parties and the amount in controversy exceeds, exclusive of interest and costs, $75,000.

5. Four out of five of the arbitration hearing sessions giving rise to the arbitration award in question were held in Santa Fe, New Mexico. Thus, venue in this Court is proper.

## FACTS APPLICABLE TO THE PETITION

6. On November 10, 2009, Respondents filed a Statement of Claim with FINRA, *D. Vollstedt & S Vollstedt TTEE, Steve or Deborah Vollstedt Tru U/A DTD 02/12/2004, Deborah Vollstedt and Steve A. Vollstedt v. Charles Schwab & Co., Inc.* (FINRA Case No. 09-06446) (*See* attached as Exhibit 1 hereto a true and correct copy of the Vollstedts' Statement of Claim). The Vollstedts' claim focused on their purchases and sales of the Schwab YieldPlus Fund and accused Schwab of negligence, breach of fiduciary duty, breach of contract, fraud, and violations of Colorado and New Mexico securities laws.

7. On January 4, 2010, Respondents filed an Amendment to the Statement of Claim, seeking damages in excess of $103,800 or, in the alternative, rescission under the state securities anti-fraud laws. (*See* attached as Exhibit 2 hereto a true and correct copy of the Vollstedts' Amendment to the Statement of Claim).

8. On January 21, 2010, Schwab filed a Statement of Answer denying the allegations and raising affirmative defenses, including but not limited to the defense that the claims were barred by the applicable statutes of limitation (since several of the purchases were made as far back as 2004), and that the damages should be limited by the Vollstedts' failure to mitigate. (*See* attached as Exhibit 3 hereto a true and correct copy of Schwab's Answer to the Statement of Claim).

9. After Schwab filed its Statement of Answer, and pursuant to FINRA rules, FINRA provided the parties with a list of potential arbitrators to rank and strike in order to create the arbitration panel. Among the arbitrators on the list was Katherine M. Harmeyer.

10. In order to assure disclosure of all material facts, FINRA Rule 12405 requires proposed arbitrators to disclose any direct or indirect financial or personal interest in the outcome of the arbitration, as well as any existing or past, direct or indirect, financial, business, professional, family, social or other relationships with any of the parties, representatives, witnesses or co-panelists, and warns potential arbitrators that the duty to disclose is ongoing. (*See* attached as Exhibit 4 hereto a true and correct copy of the FINRA Code of Arbitration Procedure, Rule 12405, pp. 14-15.)

11. At the time that Schwab received the proposed list of arbitrators, Ms. Harmeyer made various required disclosures. Ms. Harmeyer, however, made no disclosure of any matter responsive to the following FINRA Arbitrator Disclosures Checklist questions aimed at bringing to light potential fairness and neutrality concerns:

- 11. Have you ever, as a party to an arbitration or litigation, named a brokerage firm or been named by a brokerage firm in any civil lawsuit or arbitration proceeding?

- 14. Have any of your relatives named a brokerage firm, or been named by a brokerage firm, in any civil lawsuit or arbitration?

(*See* attached as Exhibit 5 hereto a true and correct copy of the FINRA Arbitrator Disclosures Checklist.)

12. On February 22, 2010, Schwab filed with FINRA its Arbitrator Ranking Form. Although Schwab would have been free to strike Ms. Harmeyer, it chose to rank (rather than strike) Ms. Harmeyer based on the information she provided at that time.

13. Shortly thereafter, FINRA notified the parties that the Arbitration Panel for this case included Ms. Harmeyer as the Chairperson.

14. On July 21, 2010, Ms. Harmeyer filed a Supplemental Arbitrator

Disclosure, revising her answer to the FINRA Arbitrator Disclosure Checklist Question 14, "Have any of your relatives named a brokerage firm, or been named by a brokerage firm, in any civil lawsuit or arbitration?"  She then disclosed that her mother-in-law, Georgia Clark Harmeyer, planned to file a FINRA arbitration against a regional brokerage firm and her registered representative, Berthel, Fisher and Company and Steven Link, respectively. According to the disclosure, Ms. Harmeyer's mother-in-law would be asserting claims of purportedly unsuitable investments in real estate investment trusts, and was to request rescission, restitution of more than $500,000 in principal, interest, costs and other legal relief.  (*See* attached as Exhibit 6 hereto a true and correct copy of the July 10, 2010 Amended Disclosure.)

15.   Had Schwab been provided with that information contained on the Amended Disclosure when it completed FINRA's Arbitrator Ranking Form, it would have struck Ms. Harmeyer rather than rank her.

16.   On August 18, 2010, Ms. Harmeyer's mother-in-law filed said claim for $500,000 with FINRA against Berthel, Fisher & Co. Financial Services Inc. and Steven Link (FINRA Case No. 10-03572). (*See* attached as Exhibit 7 hereto a true and correct copy of the Central Registration Depository Record of Financial Advisor Steven Link reflecting the filing of the FINRA action from www.finra.org as of July 18, 2011.)

17.   On July 28, 2010, after receiving the Chair's supplemental disclosure, Schwab requested that FINRA remove Ms. Harmeyer as the Chairperson of the arbitration panel pursuant to FINRA Rule 12407(a). (*See* attached as Exhibits 8 and 9 hereto true and correct copies of FINRA Rule 12407(a) and the July 28, 2010 Request for Removal, respectively.)

18.   On August 25, 2010, Schwab challenged Ms. Harmeyer for cause pursuant to FINRA Code of Arbitration Rule 12407.  (*See* attached as Exhibit 10 hereto a true and correct copy of the August 25, 2010 Challenge for Cause.)

19.   On September 14, 2010, the FINRA case administrator, Ianthe

4

Philips, reported to the parties that the Director of Arbitration had denied Schwab's challenge of Ms. Harmeyer and that the arbitration would proceed with her continuing to act as Chairperson of the arbitration panel. (*See* attached as Exhibit 11 hereto a true and correct copy of the September 14, 2010 Denial of the Challenge.)

20. In April and June 2011, the parties presented their evidence in front of the Arbitration Panel in two sets of hearings, one in Santa Fe, New Mexico and one in San Francisco, California.

21. On July 15, 2011, the Arbitration Panel awarded the Vollstedts "compensatory damages" of $151,715, attorneys' fees of $144,141.75, costs of $27,264.82, and the $300 filing fee. Schwab also was assessed 100% of the FINRA forum fees and expenses totaling $16,643.94. Although it was clear that the $151,715 in "compensatory damages" already included statutory pre-judgment interest back to 2004, the Panel nonetheless added interest on that sum "at the rate of 8.0% per annum, pursuant to New Mexico Code §§ 58-13B-40 and 56-8-4, commencing on January 30, 2004." By adding 8% onto a sum that already included 8%, the Panel double counted the interest. The amount of the double interest is $89,604. Including the double interest, the Award totals $431,095, almost 12 times the out-of-pocket losses of $36,142.97. (*See* attached as Exhibit 12 hereto a true and correct copy of the July 15, 2011 Arbitration Award.)

22. The face of the award shows the Vollstedts were awarded interest at 8% back to 2004 twice under the same statute – once expressly embedded within the "compensatory damages" number of $151,715 and a second time by the Arbitrators, who specifically reference New Mexico Code §58-13B-40 in the Award.

23. In making the Award, the Arbitrators exceeded their powers and acted in manifest disregard of the statue upon which they expressly claimed to rely when they awarded interest two times – once within the "compensatory damages" calculation (which includes interest at 8% from the date of the first purchase) and again, improperly, on top of the "compensatory damages" calculation (adding 8% onto a sum that already included 8%

5

interest, also from the date of the first purchase in 2004).

24. In making the Arbitration Award, Ms. Harmeyer exhibited evident partiality to Respondents.

## GOOD-FAITH EFFORT AT CONCURRENCE

25. Pursuant to District of New Mexico Local Rule of Civil Procedure 7.1, Petitioner made a good-faith request for concurrence with Respondents but was unable to resolve the matter without resorting to petition or motion-work. D.N.M.LR-Civ.7.1.

## DEMAND FOR RELIEF

26. Petitioner requests the Court issue an Order vacating the Award rendered by the Arbitrators on the grounds the Chair, Ms, Harmeyer, evidenced bias and lacked impartiality, and, separately and independently, for rendering an award of interest that manifestly disregards the law expressly applied by the panel and therefore exceeds their powers.

27. Petitioner further requests that the Court remand this case for re-hearing before a new FINRA arbitration panel.

DATED:  August 11, 2011

LEWIS AND ROCA LLP


BY  /S/ Jason Bousliman
    Jason Bousliman
*Attorneys for Petitioner*
*CHARLES SCHWAB & CO., INC.*
201 Third Street, NW Suite 1950
Albuquerque, NM  87103-1027
(505) 764-5410