## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CHARLES SCHWAB & CO., INC.,**

      **Petitioner,**

**vs.**                                                                 **No. CIV 11-0709 RB/CEG**

**D VOLLSTEDT & S VOLLSTEDT TTEE,**
**STEVE OR DEBORAH VOLLSTEDT TRU U/A**
**DTD 02/12/2004, DEBORAH VOLLSTEDT, and**
**STEVE A. VOLLSTEDT,**

      **Respondents.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Petitioner's (Schwab's) Petition to Vacate

Arbitration Award (Doc. 1), Schwab's Motion for Order Vacating Arbitration Award, (Doc. 5),

Respondents' (the Vollstedts') Motion to Strike Portions of Young Declaration, (Doc. 17), and

the Vollstedts' Motion to Strike Portions of Second Young Affidavit, (Doc. 35).  Jurisdiction

arises under 28 U.S.C. § 1332.  Having considered the submissions of counsel, the record, and

relevant law, the Court denies the Petition and Motions.

**I.      Background**

      Schwab seeks to vacate, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 10, an

award issued by a panel assembled by the Financial Industry Regulation Authority ("FINRA"), in

the matter styled *D. Vollstedt & S. Vollstedt TTEE, Steve or Deborah Vollstedt Tru U/A DTD*

*02/12/2004, Deborah Vollstedt and Steve A. Vollstedt v. Charles Schwab & Co., Inc.*, and

numbered FINRA Case No. 09-06446.  (Doc. 1).  As grounds, Schwab asserts that the

Chairperson of the arbitration panel, Katherine M. Harmeyer, was biased and that the award

includes excess interest.  (*Id.*)  The Vollstedts request confirmation of the award, or modification

of the award to cure any computational error regarding interest.  (Docs. 13 and 30).

On November 10, 2009, the Vollstedts filed a statement of claim with FINRA against Schwab.  (Doc. 1, Ex. 1).  Therein, the Vollstedts asserted claims of negligence, breach of fiduciary duty, breach of contract, fraud, and violations of Colorado and New Mexico Securities laws arising out of their investment in Schwab's YieldPlus Fund.  (*Id*.)  On January 4, 2010, the Vollstedts filed an amended statement of claim seeking damages in excess of $103,800 or, in the alternative, rescission under the state securities laws. (Doc. 1, Ex. 2). Schwab filed a statement of answer in which it denied the allegations and asserted affirmative defenses. (Doc. 1, Ex. 3). FINRA provided the parties with a list of potential arbitrators.  The potential arbitrators completed the required FINRA disclosures, including the following question: "14. Have any of your relatives named a brokerage firm, or been named by a brokerage firm, in any civil lawsuit or arbitration?" (Doc. 1, Ex. 5).  At that time, Ms. Harmeyer made no disclosure in response to this question.  On February 22, 2010, Schwab filed its Arbitrator Ranking Form and chose to rank, rather than strike, Ms. Harmeyer.  Subsequently, FINRA notified the parties that the Arbitration Panel consisted of three arbitrators, including Ms. Harmeyer as the Chairperson.  (Affidavit of Steven Young, ¶ 11).

On July 21, 2010, Ms. Harmeyer filed a Supplemental Arbitrator Disclosure, updated her response to Question 14, and disclosed that her mother-in-law, Georgia Clark Harmeyer, planned to file a FINRA arbitration against her brokerage firm, Berther, Fisher & Co. Financial Services Inc., and her registered representative, Steven Link.  (Doc. 1, Ex. 6).  Ms. Harmeyer's mother-in-law's claim related to purportedly unsuitable investments in real estate investment trusts and tenant in common investments.  (Doc. 1, Ex. 6).  According to the disclosure, Ms. Harmeyer's

mother-in-law was 83 years old, in poor health, and did not qualify as an accredited investor at the time the investments were made. (*Id.*) On August 18, 2010, Ms. Harmeyer's mother-in-law filed the claim with FINRA. (Doc. 1, Ex. 7).

On July 28, 2010, Schwab requested removal of Ms. Harmeyer as Chairperson of the arbitration panel on the basis of the supplemental disclosure. (Doc. 1, Exs. 8 and 9). On August 25, 2010, Schwab challenged Ms. Harmeyer for cause. (Doc. 1, Ex. 10). On September 14, 2010, the FINRA Case Administrator informed the parties that FINRA had denied Schwab's challenge and Ms. Harmeyer would continue to serve as Chairperson of the Arbitration Panel. (Doc. 1, Ex. 11).

In April and June 2011, the Arbitration Panel held hearings in Santa Fe, New Mexico, and San Francisco, California. On July 22, 2011, the Arbitration Panel awarded the Vollstedts compensatory damages of $151,715.00, attorneys' fees of $144,141.75, costs of $27,264.82, $300 for the FINRA filing fee, and "interest on the sum of $151,715.00 at the rate of 8.0% per annum, pursuant to New Mexico Code §§ 58-13B-40 and 56-8-4, commencing on January 30, 2004 (the date when Mr. and Mrs. Vollstedt first purchased the Schwab YieldPlus Fund for the individual accounts, pursuant to New Mexico Code § 58-13B-40 (E), continuing until payment in full of this award or any judgment entered on this award, whichever is the later date." (Doc. 1, Ex. 12). The compensatory damages of $151,715.00 included statutory interest accrued at the annual rate of 8% from January 30, 2004. (Doc. 16 at 11; Declaration ¶ 13, Defs. Ex A-4 at 88-94).

Schwab contends that the award must be vacated because of Ms. Harmeyer's evident partiality, and that the award of interest duplicated the interest portion of compensatory damages.

The Vollstedts request confirmation of the award, or modification of the award to cure any computational error regarding interest.  The Vollstedts also move to strike the affidavits of Steven Young on the grounds that portions of these affidavits contain irrelevant information.

## II.    Discussion

The FAA reflects a national policy favoring efficient resolution of disputes through voluntary arbitration agreements with minimal judicial intervention. *See Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).  The FAA directs that a district court "must grant" an order confirming an arbitral award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  In interpreting the FAA, the Supreme Court has stated: "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."  *Hall Street*, 552 U.S. 587.  Accordingly, "the standard of review of arbitral awards is among the narrowest known to law."  *Hollern v. Wachovia Secs., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006) (quotation omitted).

Under 9 U.S.C. § 10, a district court may vacate an arbitration award only if it finds that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone a hearing, in refusing to hear evidence, or in misbehaving in some other way; or (4) the arbitrators exceeded their powers.  *See* 9 U.S.C. § 10(a)(1)-(4).

In addition, an award may be modified or corrected, under 9 U.S.C. § 11: (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) where the arbitrators have awarded

4

upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; and (c) where the award is imperfect in matter of form not affecting the merits of the controversy.  Section 11 additionally states that the district court order "may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." *Id.*  These sections provide "the FAA's exclusive grounds for expedited vacatur and modification." *Hall Street*, 552 U.S. at 584.

Schwab's arguments concerning the merits of the arbitration are not cognizable because they do not fall within any of the statutory grounds.  Schwab filed two affidavits of attorney Steven Young that discuss and characterize the substance of the arbitration.  The Vollstedts have filed motions to strike portions of these affidavits because they are irrelevant or address a question of law.  (Docs. 18 and 36).  In light of the narrow standard of review, the challenged portions of the Young affidavits are immaterial and irrelevant as they relate to the merits of the arbitration.  Nonetheless, the Court declines to strike these matters from the record as the Court is capable of separating the wheat from the chaff and will disregard the portions that are not relevant to the matters subject to judicial review.  Accordingly, the Vollstedts motions to strike will be denied.

Schwab's arguments concerning bias fall within one of the FAA's grounds for vacatur in that it asserts that Ms. Harmeyer showed evident partiality within the meaning of 9 U.S.C. § 10(a)(2).  Evident partiality will be found where "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration."  *Morelite Const. Corp. v. N.Y. City Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d Cir. 1984).  In *Morelite*, an arbitrator failed to disclose that his father was an officer in one of the unions of which the

5

winning party was a local unit. *See id.*  The Second Circuit held that the undisclosed and personal father-son relationship satisfied "evident partiality" under § 10(a)(2).  *Id.* (declining to list the "relationships that will result in per se vacation of an arbitration award," but noting that any such list "would likely be very short").  *Morelite* is readily distinguished in that Ms. Harmeyer's mother-in-law is neither an officer in nor related to any party herein; rather Ms. Harmeyer's mother-in-law has filed a claim against an unrelated brokerage firm.  Moreover, it is undisputed that Ms. Harmeyer disclosed her mother-in-law's FINRA action prior to the hearings.  Thus, this case does not present a failure to disclose a fact or relationship which could result in bias or partiality. *Cf. Commonwealth Coatings Corp. v. Casualty Corp.*, 393 U.S. 145 (1968).

In cases not involving a failure to disclose, the governing standard requires "the challenging party [to] show a reasonable person would have to conclude that the arbitrator was partial to the other party to the arbitration."  *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1523 n. 30 (3d Cir. 1994) (internal quotation marks and citation omitted).  Moreover, "evident partiality is strong language and requires proof of circumstances powerfully suggestive of bias." *Id.* (internal quotation marks and citation omitted).  Sufficient facts must be proved so that "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite*, 748 F.2d at 84.

Schwab has failed to satisfy this stringent standard.  As grounds for its claim of bias, Schwab relies solely on the FINRA claim brought by Ms. Harmeyer's mother-in-law against an unrelated brokerage firm and agent.  It bears underscoring that Ms. Harmeyer disclosed her mother-in-law's claim almost a month before it was filed and over eight months before the hearings commenced.  Ms. Harmeyer's mother-in-law's claim was wholly unrelated to the

6

present action.  Contributing to the calculus are the factual dissimilarities of the claims.  Ms. Harmeyer's mother-in-law's claim involves illiquid and speculative real estate investment trusts and tenant in common investments from a regional brokerage firm. The Vollstedts' claim involves a purportedly safe ultra short-term bond mutual fund from a national and well-known brokerage firm.  The factual dissimilarities between the two claims undercut Schwab's argument.  The sole instance that Schwab cites as demonstrating Ms. Harmeyer's bias does not demonstrate evident partiality within the meaning of 9 U.S.C. § 10(a)(2).

Additionally, Schwab contends that the award should be vacated because it included excess interest.  In support of this argument, Schwab relies on the judicially-created "manifest disregard" standard.  *See, e.g., Hollern*, 458 F.3d at 1177 (recognizing that a district court may vacate an arbitral award only for reasons enumerated in the FAA or for "a handful of judicially-created reasons," including manifest disregard of the law).  Neither the Supreme Court nor the Tenth Circuit has decided whether the manifest disregard standard survived *Hall Street*. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. ___ , 130 S.Ct. 1758, 1768 n. 3 (2010); *Abbott v. Law Office of Patrick J. Mulligan*, No. 10–4113, 2011 WL 4375087, at *6 (10th Cir. Sept. 21,  2011) (unpublished).  In any event, the circumstances of this case do not satisfy the Tenth Circuit's manifest disregard standard as it existed prior to *Hall Street*.  In the Tenth Circuit the manifest disregard standard requires "willful inattentiveness to the governing law[,]" *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (citation omitted), and "[e]rrors in an arbitration panel's factual findings, or its interpretation and application of the law, do not justify vacating an award."  *Hollern*, 458 F.3d at 1172.  In that Schwab has not demonstrated that the panel was willfully inattentive to the law by awarding excess interest, it has

not satisfied the manifest disregard standard.

Additionally, Schwab has not shown the arbitrators exceeded their powers in the context of § 10(a)(4) of the FAA, which provides for vacatur of an award where the arbitrators exceeded their powers.  9 U.S.C. § 10(a)(4).  Under § 10(a)(4) "[i]t is not enough for petitioners to show that the panel committed an error-or even a serious error."  *Stolt-Nielsen S.A.*, 130 S.Ct. 1767. Schwab has not shown that the arbitration panel exceeded its powers.  At the most, Schwab has shown that the panel committed a computational error.  Accordingly, there is no basis for vacating the award.

The FAA allows the district court to modify an award where there was an evident material miscalculation of figures.  *See* 9 U.S.C. § 11(a).  In this case, the arbitrators made an evident and material computational error with regard to statutory interest.[1]  Statutory interest, covering the relevant time periods[2] until April 19, 2011, was included in the compensatory damages sum of $151,715.00.  (*See* Award¶ 1, Petition Ex.12 (Doc. 1-20), Schwab's Ex. 7 (Doc. 6-8)). Additionally, the award required Schwab to pay statutory interest on the compensatory damages of $151,715.00, "commencing on January 30, 2004 . . ., continuing until payment in full of this award or any judgment entered on this award, whichever is later." (*See* Award¶ 2, Petition Ex.12 (Doc. 1-20).  Thus, interest was awarded twice for the relevant time periods up to, and including, April 19, 2011, thereby constituting double recovery.  In a case of double recovery, a district

---

[1] The award cites N.M. Stat. Ann. §§ 58-13B-40 and 56-8-4 as the bases for statutory interest. In 2009, N.M. Stat. Ann. § 58-13B-40 was repealed, and a similar statute was codified at N.M. Stat. Ann. § 58-13C-509.  N.M. Stat. Ann. § 56-8-4 sets the interest rate at 8.75% per year.  The award set the interest rate at 8% and cited N.M. Stat. Ann. § 56-8-4.  In that neither party advocates for a different interest rate herein, the Court will leave the rate at 8%.

[2] The time periods ran from the dates of purchase of the securities to the date the arbitration hearing commenced. (*See* Award¶ 1, Petition Ex.12 (Doc. 1-20), Schwab's Ex. 7 (Doc. 6-8)).

court "should reduce the judgment by the amount of the duplication." *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1079 (10th Cir. 2008).  In the interests of justice, and to prevent double recovery,  the award of interest is hereby modified to commence on April 20, 2011, rather than January 30, 2004.  *See*  9 U.S.C. § 11(a).  In this way, the award will be reduced by the amount of duplication, so as to effect the intent of the award and promote justice between the parties.  9 U.S.C. § 11.

**THEREFORE,**

**IT IS ORDERED** that the Petition and the Motions are **DENIED.**

**IT IS FURTHER ORDERED** that a Judgment correcting the award shall issue forthwith.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**